**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4874

JOHN PAUL LEATHERWOOD, a/k/a
Black,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Dennis W. Shedd, District Judge.
(CR-97-158-DWS)

Submitted: June 30, 1998

Decided: July 14, 1998

Before ERVIN and NIEMEYER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Cameron Bruce Littlejohn, Jr., Columbia, South Carolina, for Appel-
lant. Marshall Prince, OFFICE OF THE UNITED STATES ATTOR-
NEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Paul Leatherwood appeals his conviction and sentence after a guilty plea to two counts of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (1994). Leatherwood's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that, in his view, there are no meritorious grounds for appeal. Leatherwood has filed a pro se supplemental brief raising three issues. Finding no error, we affirm.

Leatherwood's counsel first questions whether the district court complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure when taking Leatherwood's plea. Following a de novo review of the entire record, we conclude that the district court complied with all the mandates of Rule 11 in accepting Leatherwood's guilty plea. See FED. R. CRIM. P. 11. Counsel also disputes whether Leatherwood's sentence was properly calculated. We find no plain error in the calculation of Leatherwood's sentence because it was properly computed under the U.S. SENTENCING GUIDELINES MANUAL (1996). See United States v. Olano, 507 U.S. 725, 732-37 (1993).

In his supplemental brief, Leatherwood challenges his sentence on the grounds that the government engaged in sentencing entrapment or manipulation and that he was improperly sentenced under the crack cocaine guidelines. We have considered Leatherwood's claims but reject them as meritless. Finally, Leatherwood asserts that counsel rendered ineffective assistance. This claim should be raised in a motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), and not on direct appeal, because the record does not conclusively show that counsel was ineffective. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) (providing standard).

2

As required by <u>Anders</u>, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm Leatherwood's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3